ORIGINAL DOCUMENT
10:45:18 AM

NOT FILED
10/30/2025
90515-2

FILED
OCT 14 2025
RUSSELL CIRCUIT/DIST. COURTS
BY _____ D.C.

COMMONWEALTH OF KENTUCKY
RUSSELL DISTRICT COURT
CASE NO: 25-CI-315

JEREMY BELL                                    PLAINTIFF

VS.          42 U.S.C. SECTION 1983

RITA, NURSE AT RUSSELL COUNTY          DEFENDANTS
DETENTION CENTER;

DOCTOR, (UNKNOWN FIRST NAME);

AND ALL OTHER UNKNOWN INDIVIDUALS
INVOLVED

\* \* \*

Comes Now, Jeremy Bell, (hereinafter "Plaintiff") pro se respectfully brings forth a 42 U.S.C. Section 1983 against the above-named defendants. In support thereof, Plaintiff states the following:

I. JURISDICTION

Plaintiff concedes that this court has sole jurisdiction to hear the case at hand since the incident arose from Russell County, Kentucky.

II. PARTIES

Plaintiff, Jeremy Bell, is an inmate currently confined at Northpoint Training Center located in Burgin, Kentucky.

Pg. 1

NOT ORIGINAL DOCUMENT 10/30/2025 10:45:18 AM 90515-2

Defendant, Rita, is a nurse at the Russell County Detention Center located in Russell Springs, Kentucky.

Defendant, Doctor (unknown first name) is contracted with the Russell County Detention Center located in Russell Springs, Kentucky.

Defendant, all other unknown individuals are contracted with the Russell County Detention Center located in Russell Springs, Kentucky.

### III. STATEMENT OF FACTS

Plaintiff was detained on September 19, 2024 for violation of his five (5) year postincarceration supervision. Prior to being detained, plaintiff had an outpatient surgery done to have his gallbladder remove at Lake Cumberland Regional Hospital.

After surgery, plaintiff was prescribed narcotics for pain and was given refills. Plaintiff took the first round of narcotics for pain, but he saw it would lead him into doing opiods again so he went to a suboxone clinic New Path Medical Center located in Colombia, Kentucky.

Plaintiff was prescribed suboxone to prevent him from using opiods and to help with the cravings. When plaintiff was detained, he saw the nurse, Rita on or about September 20, 2024.

Pg. 2

ORIGINAL DOCUMENT
10:45:18 AM
NOT
10/30/2025
90515-2

Plaintiff informed Rita (Nurse) that he was on suboxone and that his Doctor was Burton at New Path medical Center in Columbia, Kentucky.

Rita done a urinalysis on the plaintiff in which the plaintiff tested positive for suboxone. Rita told plaintiff she was going to place him on D.O.C. program where he could still receive his suboxone medication.

However, over seven (7) days had lapsed and plaintiff was never given his suboxone medication causing plaintiff to detox. Plaintiff suffered from chills, body aches, loss of appetite, migrane headaches, cravings.

Plaintiff then wrote medical slips to the nurse still inquiring receiving his medication but Rita failed to take any steps to put plaintiff in the medicated assisted treatment (MAT) program so he could receive his medication.

Below, Plaintiff will set forth arguments and law why this court must rule in favor of plaintiff and to award damages in the amount of ten thousand ($10,000.00) and to be placed in the MAT program.

Pg. 3

NOT ORIGINAL DOCUMENT
10/30/2025
10:45:18 AM
90515-2

IV. BCDC, ALL OTHER UNKNOWN INDIVIDUALS, RITA, DOCTOR (UNKNOWN FIRST NAME)

The Russell County Detention Center ("RCDC") is a local jail in Russell Springs, Kentucky and it also treats inmates with substance abuse disorders by issuing suboxone through the medicated assisted treatment (MAT) program. At all relevant times, Bobby Dunbar was the jailer, Rita was the nurse overseeing inmates health when the doctor wasn't present. The Doctor (unknown first name) was contracted with the detention center as well as all other unknown individuals.

Kentucky law requires that a jail such as RCDC contract with a healthcare provider licensed in Kentucky to provide medical care for inmates. 501 K.A.R. 3:090 §1(1). That regulation also states: "The health care staff shall not be restricted by the jailer in the performance of their duties except to adhere to the jails security requirements." 501 K.A.R. 3:090 §1(3).

Pursuant to this regulation, the BCDC contracts with defendants "to provide for the delivery of all medical, dental, and mental services to inmates of the jail.

Defendant contracted with unknown medical provider as nurse and doctor to take calls from onsite medical staff as needed.

Pg. 4

ORIGINAL DOCUMENT
10:45:18 AM
NOT
10/30/2025
90515-2

The Kentucky Board of Medical Licensure has promulgated detailed regulations entitled "Professional standards for prescribing or dispensing Buprenorphine-mono-Product or Buprenorphine-Combined-with-Naloxone." 201 K.A.R. 9:270. These regulations establish extensive requirements for Kentucky physicians who prescribe these drugs, including:

- The doctor must obtain and maintain a waiver and license from the Drug Enforcement Administration;
- The doctor must complete continuing educational programs;
- The doctor must, at least two weeks prior to initiating treatment with these drugs, obtain a complete evaluation of the patient, including medical history, family history, physical examination, and drug screen;
- The doctor must obtain patient's consent and authorization to obtain his medical records.....

V. EIGTH AMENDMENT VIOLATION BY DEFENDANTS

"The Eighth Amendments prohibition on cruel and unusual punishment generally provides the basis to assert a §1983 claim of deliberate indifference to medical needs." Phillips v. Roane Cty, Tenn, 534 F.3d. 531, 539 (6th Cir. 2008). Such a claim has both an objective and subjective component.

For the objective component, the plaintiff must demonstrate the existence of a "sufficiently" serious medical need. Id. A serious medical need

Pg. 5

ORIGINAL DOCUMENT
10:45:18 AM
NOT
10/30/2025
90515-2

is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Preston v. County of Macomb, Case No. 18-12158, 2019 WL 3315280 at *6 (E.D. Mich. July 24, 2019)(quoting Jones v. Muskegon Cty., 625 F.3d 935, 941 (6th Cir. 2010).

Both treatment for opiod withdrawl and being in a high risk pregnancy may constitute serious medical needs. See Brawner v. Scott Cty, 14 F.4th 585, 598 (6th Cir 2021)(jury could find that pretrial detainee who was taking suboxone for opoid addiction had objectively serious medical need).

In this case, plaintiff was treated for opiod addiction by being prescribed suboxone prior to his detention. Defendants failed to give plaintiff his suboxone at the time of his detention causing him to withdrawl inflicting unwanted pain upon him. Here, plaintiff has satisfied the objective component by demonstrating his serious medical need.

The "subjective component" requires a plaintiff to 'allege facts which, if true, would show that the official being sued subjectively percieved facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." Phillips, 534 F.3d at 540 (quoting Comstock v. McCrary, 273 F.3d. 693, 703 (6th Cir. 2001).

Pg. 6

ORIGINAL DOCUMENT
10:45:18 AM
NOT
10/30/2025
90515-2

Although this requirement is meant to prevent the "constitutionalization of medical malpractice claims," a plaintiff need not show that the officer acted with the specific intent to cause harm.

In this particular case, plaintiff told defendants that he was taking suboxone for opiod addiction and gave defendants the name of his doctor. Defendants were made aware, however defendants failed to treat plaintiff. Here, plaintiff has satisfied the subjective component.

Deliberate indifference to a substantial risk of serious harm "is equivalent of recklessly disregarding that risk." Id. "Officials, of course, do not readily admit this subjective component, so 'it [is] permissible for reviewing courts to infer from circumstantial evidence that a prison official had the requisite knowledge." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 836 (1994). See also, Burwell v. City of Lansing, 7 F. 4th 456, 472 (6th Cir. 2021).

Here in this particular case, defendants acted deliberately indifferent to plaintiffs serious medical need by not continuing his suboxone medication for opioid addiction causing withdrawl inflicting unwanted pain upon him. Brawner v. Scott Cty, supra.

Pg. 7

ORIGINAL DOCUMENT
10:45:18 AM

NOT
10/30/2025
90515-2

## II. CONCLUSION

This case is a case where the defendants violated plaintiff's 8th Amendment cruel and unusual punishment.

Plaintiff made aware to the defendants of taking suboxone for opoid addiction but however defendants failed to continue his medication causing unwanted infliction of pain. Plaintiff suffered withdrawl causing loss of appetite, upset stomach, chills, body aching and migrane headaches.

Plaintiff has submitted precedents in support of his complaint against the defendants.

WHEREFORE, Plaintiff requests this Honorable Court to enter an order awarding damages in the amount of ten thousand ($10,000) dollars and to be placed in the MAT program.

Respectfully Submitted,

Jeremy Bell

Jeremy Bell, Pro Se
Northpoint Training Center
P.O. Box 479
Burgin, Kentucky 40310

Pg. 8

ORIGINAL DOCUMENT
10:45:18 AM
NOT
10/30/2025
90515-2

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing "42 U.S.C. Section 1983" is being mailed on this the 7th day of October 2025 via prepaid first-class postage to the following:

Russell Circuit Clerk
202 Monument Square
Jamestown, Ky 42629

Rita (Nurse)
Russell Co. Detention Center
228 Brian Walters Drive
Russell Springs, Ky 42642

*Jeremy Bell*
Jeremy Bell, Pro Se

Pg. 9

COMMONWEALTH OF KENTUCKY
RUSSELL DISTRICT COURT
CASE NO: 25-CI-315

JEREMY BELL                                    PLAINTIFF

VS.           INTERROGATORIES

RITA, NURSE AT RUSSELL COUNTY         DEFENDANTS
DETENTION CENTER;

DOCTOR (UNKNOWN FIRST NAME);

AND ALL OTHER UNKNOWN INDIVIDUALS
INVOLVED

✻                    ✻                    ✻

Comes Now, Jeremy Bell, (hereinafter "Plaintiff") pro se hereby brings forth his set of interrogatories. Upon receipt, Defendants shall have twenty (20) days to respond to the following set of interrogatories:

(1). Do you agree or disagree that plaintiff disclosed to you that he was prescribed suboxone?
A:

(2). Did you conduct a urinalysis on plaintiff after explaining to you he was prescribed suboxone?
A:

Pg. 7

(3). Did you explain to plaintiff how he could be in a program to receive his suboxone?

A:

(4). Did you sign plaintiff up for the program to receive his suboxone?

(5). Did plaintiff correspond to you about receiving his suboxone medication?

A:

(6). Were you aware plaintiff was going to withdrawl from not being able to receive his suboxone medication?

A:

(7). Did you attempt to place plaintiff on the MAT program to continue his suboxone medication and if so do you have verification?

A:

(8). When conducting uranalysis on plaintiff, did he test positive for suboxone?

A:

(9). Did you attempt to contact plaintiff's medical doctor to retain information of plaintiff being prescribed suboxone?

A:

Pg. 2

WHEREFORE, Plaintiff requests that the Defendants respond to the following set of interrogatories within twenty (20) days.

Respectfully Submitted,

*Jeremy Bell*

Jeremy Bell, Pro Se
Northpoint Training Center
P.O. Box 479
Burgin, Kentucky 40310

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing "Interrogatories" is being mailed on this the 7th day of October 2025 via prepaid first-class postage to the following parties:

Russell Circuit Clerk
202 Monument Square
Jamestown, Kentucky 42629

Rita, Nurse
Russell County Detention Center
228 Brian Walters Drive
Russell Springs, Kentucky 42642

*Jeremy Bell*
Jeremy Bell, Pro Se

Pg. 3