UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**JEREMY BELL**  PLAINTIFF

v.  CIVIL ACTION NO. 1:25-CV-00168-JHM

**RITA, NURSE AT RUSSELL COUNTY
DETENTION CENTER,** *et al.*  DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* prisoner action which was removed from state court. This matter is currently before the Court upon the motions to dismiss by Defendants Nurse Rita; Doctor, Unknown First Name; and All Other Unknown Individuals pursuant to Federal Rules of Civil Procedure 8(c) and 12(b)(6). (DNs 7, 8). For the reasons that follow, the Defendants' motions are denied.

**I. BACKGROUND**

Plaintiff initiated this 42 U.S.C. § 1983 action in Russell Circuit Court, Jamestown, Kentucky by filing a handwritten complaint on his own paper on October 7, 2025. (DN 1). The state court granted Plaintiff *in forma pauperis* status, and Defendants timely filed for removal to this Court pursuant to 28 U.S.C. §§ 1331 and 1441. (*Id*.). Shortly thereafter, Defendants filed motions to dismiss on the grounds of statute of limitations and non-exhaustion of administrative remedies. (DNs 7, 8).[1]

---

[1] Because Plaintiff is a prisoner seeking redress from a governmental entity or officer or employee of a governmental entity, the Court will undertake an initial screening of the Plaintiff's complaint and amended complaint pursuant to 28 U.S.C. § 1915A. The Court notes that Defendants' appearance and filing of dispositive motions has no bearing on the Court's ability to screen the complaint. *Snelling v. Klee*, No. 2:15-CV-13797, 2016 WL 1625331, at *2 (E.D. Mich. Apr. 21, 2016) ("even if the Court had entered a case management scheduling order setting a dispositive motion deadline, the Court is not time-limited in its ability to consider whether Plaintiff's complaint states a claim upon which relief may be granted."); *Smallwood v. Smith*, No. 1:24-CV-76, 2024 WL 2931405, at *1 n.3 (S.D. Ohio June 11, 2024) ("The filing of defendants' answer does not preclude the need for a screen.").

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" *id.*, and determine whether the "complaint states a plausible claim for relief[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In resolving motions to dismiss, a court may consider the well-pled factual allegations in the complaint, exhibits attached to or incorporated by reference into the complaint, matters of public record, and records of which the Court may take judicial notice. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). If "matters outside the pleadings are presented to and not excluded by the court" when ruling upon a motion under Rule 12(b)(6), the Federal Rules require that "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

## III. ANALYSIS

Defendants move to dismiss this action on the grounds that Plaintiff commenced this lawsuit (1) before he exhausted administrative remedies as required by the Prison Litigation

Reform Act (PLRA); and (2) after the expiration of the applicable statute of limitations. (DNs 7, 8).

As Defendants acknowledge, both of these arguments are affirmative defenses for which they bear the burden of proof. (DN 8-1, PageID.51). Fed. R. Civ. P. 8(c)(1) provides that the statute of limitations is an affirmative defense. And in *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court held that that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id*. In light of *Jones*, the Sixth Circuit has concluded that the exhaustion affirmative defense is best raised in a motion for summary judgment. *See, e.g.*, *Rembisz v. Lew*, 590 F. App'x 501, 504 (6th Cir. 2014); *LaFountain v. Martin*, 334 F. App'x 738, 740 (6th Cir. 2009). This is because proof of lack of exhaustion generally requires resort to matters outside the pleadings, such as affidavits or documentary evidence. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010) (holding that when "matters outside the pleadings are presented to and not excluded by the court," a motion to dismiss must be treated as a motion "for summary judgment under Rule 56") (quoting Fed. R. Civ P. 12(d)).

Because the Defendants' filed their dispositive motions in lieu of an answer before any party had the opportunity to conduct discovery, the Court declines to convert Defendants' motion to dismiss to one for summary judgment under Rule 56. *See, e.g.*, *Ramos v. Wal-Mart Stores, Inc.*, No. 3:21-CV-00152, 2022 WL 2921133, at *4 (M.D. Tenn. July 25, 2022) (declining to convert a Rule 12(b)(6) motion that relied on matters outside of the pleading into one for summary judgment where the parties had not yet had an opportunity to conduct discovery). Accordingly, the Court finds that Defendants cannot meet their burden regarding both of these affirmative defenses.

First, as to the exhaustion of administrative remedies, Defendants argue that Plaintiff's "pleadings fail to evidence exhaustion of [the Russell County Detention Center's] administrative remedies." (DN 8-1, PageID.52). It is true that Plaintiff's complaint does not contain factual allegations pertaining to administrative exhaustion. However, as stated above, Plaintiff does not bear the burden of pleading and proving exhaustion. *Jones*, 549 U.S. at 216. Relatedly, while on the face of Plaintiff's complaint it appears that the statute of limitations could bar his claims, the limitations period for claims subject to the PLRA is tolled while the plaintiff exhausts his required administrative remedies. *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012) (citing *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000)). Without evidence of whether administrative grievances were filed or when any such administrative grievances may have been filed or completed, the Court cannot calculate how long the statute of limitations may have been tolled or whether the statute of limitations has run on Plaintiff's claim for deliberate indifference to serious medical needs. *See, e.g.*, *Thomas v. Slusher*, No. 1:17-cv-794, 2018 WL 931301, at *4 (N.D. Ohio Feb. 16, 2018) (denying motion to dismiss for failing to meet evidentiary burden with regard to these two affirmative defenses).

The Court will therefore deny Defendants' motions to dismiss on the grounds of non-exhaustion of administrative remedies and expiration of the statute of limitations.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' motions to dismiss (DNs 7, 8) are **DENIED**.

Date: March 11, 2026

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Counsel of record
4414.015

4