## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

**JEREMY BELL**                                                                    **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO. 1:25-CV-00168-JHM**

**RITA, NURSE AT RUSSELL COUNTY**
**DETENTION CENTER,** *et al.*                                                **DEFENDANTS**

### MEMORANDUM OPINION

  This is a *pro se* prisoner action which was removed from state court.  This matter is currently before the Court on initial review of Plaintiff Jeremy Bell's complaint pursuant to 28 U.S.C. § 1915A.  For the reasons set forth below, the Court will allow one claim to proceed for further development, dismiss the remaining claims, and allow Plaintiff to amend the complaint.

### I. SUMMARY OF THE COMPLAINT

  Plaintiff initiated this 42 U.S.C. § 1983 action in Russell Circuit Court, Jamestown, Kentucky by filing a handwritten complaint on his own paper on October 7, 2025.[1]  Therein, he alleges a violation of his constitutional rights stemming from a period of incarceration at the Russell County Detention Center (RCDC).  As Defendants, he names "Rita, Nurse at Russell County Detention Center,"[2] "Doctor (Unknown First Name)," and "All Other Unknown Individuals Involved."

  Plaintiff's complaint states that he was detained on September 19, 2024,[3] for a violation of his five-year post-incarceration supervision.  Prior to his detention, Plaintiff was undergoing

---

[1] Under the prison mailbox rule, "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court."  *Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir.2002) (per curiam) (citing *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008)).

[2] In an amended complaint dated October 31, 2025, Plaintiff identified Defendant Rita as "Rita Dalton."  The pleading did not allege any new facts or causes of action.  The Court will refer to her as "Rita Dalton" or "Dalton" herein.

[3] The Court understands this to be the date he entered RCDC custody.

treatment for opioid abuse at New Path Medical Center in Columbia, Kentucky, where he was prescribed Suboxone medication "to prevent him from using opioids and to help with the cravings."

Plaintiff alleges that on September 20, 2024, he saw RCDC Nurse Rita Dalton.  He informed Dalton that he was prescribed Suboxone and provided the name of his doctor and the name and location of the treatment center.  Dalton conducted a urinalysis on Plaintiff which confirmed the presence of Suboxone.  Dalton then "told Plaintiff she was going to place him on D.O.C. program where he could still receive his Suboxone medication.  However, over seven (7) days had lapsed and Plaintiff was never given his Suboxone medication causing Plaintiff to detox.  Plaintiff suffered from chills, body aches, loss of appetite, migraine headaches, cravings." Plaintiff alleges that he wrote several medical slips to Dalton, but she "failed to take steps to put Plaintiff in the medicated assisted treatment (MAT) program so he could receive his medication."

Plaintiff contends that the Defendants acted with deliberate indifference to his serious medical needs by failing to continue his medication for opioid addiction—despite being notified of his ongoing treatment—which caused "withdrawal inflicting unwanted pain upon him."

As relief, Plaintiff seeks monetary damages and placement in the MAT program.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  A claim is legally frivolous

when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

As a threshold matter, Plaintiff's complaint indicates that he was "detained" pursuant to a violation of his five-year post-incarceration supervision, which the Court presumes to mean parole. The Court therefore construes his medical indifference claim to arise under the Fourteenth

Amendment, as applicable to pretrial detainees. *See Bond v. Moore*, 672 F. Supp. 3d 357, 369 (E.D. Ky. 2023) (observing that "[t]he Sixth Circuit has never explicitly decided whether someone detained for a probation violation is a pretrial detainee or a convicted prisoner[,]" reviewing the relevant caselaw, and concluding an individual jailed pending adjudication of a probation violation is a pretrial detainee for purposes of a § 1983 complaint).

Here, Plaintiff alleges deliberate indifference to his serious medical needs on the basis that Dalton and the unknown Defendants refused to provide him with medication-assisted opioid treatment for seven days, causing him to suffer withdrawal symptoms. However, his complaint, which was handwritten and not on the Court's form for § 1983 complaints, does not indicate in which capacity he sues any of the Defendants.

To the extent Defendants are sued in their official capacities, "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). An official capacity suit is to be treated as a suit against the entity itself. *Id.* at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)); *see also Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

Although Plaintiff indicates that the Defendants are "contracted" to provide medical services at the RCDC, he does not identify the entity that employs them. Regardless, had Plaintiff properly named the Defendants' employer, the liability of a contracted private entity must be based on a policy or custom of the entity under § 1983. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996); *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001). And the complaint does not identify a policy, custom, or practice that was the moving force behind the

alleged deprivation of Plaintiff's rights.  *Monell*, 436 U.S. at 691.  As such, any official capacity claims are subject to dismissal.

If Plaintiff sought to sue the Defendants individually, with the exception of Dalton, the complaint does not specify which unknown Defendant, if any, took the actions alleged, and thus the claims asserted against them must also be dismissed.[4]  *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of § 1983 claim for failure to state a claim against defendants in their individual capacity where plaintiff did not allege which of the named defendants were personally responsible for the alleged violations of his rights); *Lister v. Allen Oakwood Corr. Inst.*, No. 3:19-cv-1583, 2020 WL 1140071, at *3 (N.D. Ohio Mar. 9, 2020) (dismissing claims where the plaintiff generically alleged unconstitutional actions were committed by "Defendants" or "they" for failure to specify which defendant or defendants violated the plaintiff's rights).

Reading Plaintiff's allegations liberally, as the Court must do, **Plaintiff's Fourteenth Amendment deliberate indifference claim against Defendant Dalton pertaining to the denial of medication-based opioid treatment may proceed against her in her individual capacity**.  *See Thompson v. Cassidy*, No. 1:24-CV-185, 2024 WL 2886571, at *2 (E.D. Tenn. June 7, 2024) (permitting pretrial detainee's deliberate indifference claim based on forced opioid withdrawal to go forward on initial review and collecting cases).

The Court will dismiss the remainder of the complaint without prejudice and with leave for Plaintiff to file an amended complaint on the Court-supplied § 1983 form.  *See* LR 5.3(a)(3). Should Plaintiff wish to amend his complaint, he must submit a completed § 1983 complaint form identifying the Defendants whom he alleges violated his constitutional rights and what actions they

---

[4] Although not named as a defendant in the case caption, Plaintiff's complaint identifies Bobby Dunbar as the Jailer of RCDC.  Plaintiff ascribes no action to Dunbar.

took and sue those Defendants in their individual capacities. *See Rashada v. Fiegel*, No. 23-1674, 2024 WL 1367436, at *4 (6th Cir. Apr. 1, 2024) (approving dismissal of *pro se* complaint without prejudice and with leave to amend).

### IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Fourteenth Amendment claim against Defendant Dalton will continue past initial review. In permitting this claim to continue, the Court passes no judgment on its merit and ultimate outcome.

**IT IS FURTHER ORDERED** that Plaintiff's Fourteenth Amendment claim against the remaining Defendants is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and the **Clerk shall dismiss these Defendants**.

**IT IS FURTHER ORDERED** that **Plaintiff may file an amended complaint on the Court-supplied § 1983 complaint form on or before April 13, 2026**.

The Clerk of Court is **DIRECTED** to place this case number and word "Amended" on a § 1983 complaint form and send it to Plaintiff, should Plaintiff choose to amend the complaint.

The Court will enter a scheduling order after Plaintiff files an amended complaint or the time for doing so expires.

Date:    March 11, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
        Counsel of record
4414.015

6