**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**JEREMY BELL**                                                                                 **PLAINTIFF**

**v.**                                                                   **CIVIL ACTION NO. 1:25-CV-00168-JHM**

**RITA, NURSE AT RUSSELL COUNTY**
**DETENTION CENTER,** *et al.*                                                  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* prisoner action which was removed from state court. By prior Memorandum Opinion (DN 12), the Court conducted an initial review of the original complaint pursuant to 28 U.S.C. § 1915A, allowing one claim to proceed, dismissing the remaining claims, and allowing Plaintiff to file an amended complaint. Plaintiff has filed his amended complaint (DN 14), which is now before the Court for initial review pursuant to § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, Plaintiff's deliberate indifference to serious medical needs claim may continue as set forth in the Court's previous Memorandum Opinion.

**I.**

Plaintiff initiated this 42 U.S.C. § 1983 action in Russell Circuit Court, Jamestown, Kentucky by filing a handwritten complaint on his own paper. Defendants subsequently removed the action to this Court. (DN 1).

Plaintiff's original complaint alleged violations of his constitutional rights stemming from his medical treatment during a period of incarceration at the Russell County Detention Center (RCDC). By Memorandum Opinion, the Court permitted a Fourteenth Amendment[1] deliberate

---

[1] Based on Plaintiff's allegation in the initial complaint that he was "detained" at RCDC "for violation of his five (5) year postincarceration supervision" (DN 1-2, PageID.9), the Court interpreted Plaintiff's status as a pretrial detainee and construed his claim under the Fourteenth Amendment. On the Court-approved prisoner §1983 complaint form,

indifference to serious medical needs claim to proceed against Defendant "Rita Dalton,"[2] a nurse at RCDC, and dismissed the remaining claims of medical indifference against the unknown-doctor Defendants in their official and individual capacities and against the unnamed entity that is contracted to provide medical services at RCDC. (DN 12). Additionally, the Court allowed Plaintiff to amend his complaint on the Court-approved prisoner § 1983 complaint form. (*Id.*).

Plaintiff's amended complaint, filed on the Court-provided form, reiterates the medical indifference claim against Defendant Owens only and omits the claims previously dismissed by the Court's screening order. (DN 14). It contains no new factual allegations and names no new Defendants. As such, the Court's initial review (DN 12) remains unaltered. Accordingly, Plaintiff's deliberate indifference to medical needs claim against Defendant Owens is sufficient to proceed in accordance with the Court's Memorandum Opinion entered March 11, 2026. (DN 12). *See Evans v. Novolex Holdings, LLC*, No. CV 20-98-DLB-CJS, 2023 WL 2716524, at *5 (E.D. Ky. Mar. 30, 2023) ("[W]hen an amended complaint contains the same allegations as an original complaint, and those allegations were previously determined to be legally sufficient, the Court can defer to its previous ruling as a matter of judicial economy . . . .").

## II.

For the reasons set forth herein, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Plaintiff's deliberate indifference claim to serious medical needs claim against Defendant Owens in her individual capacity will continue past initial review. In permitting this claim to continue, the Court passes no judgment on its merit and ultimate outcome.

---

Plaintiff indicates that his status is "convicted." (DN 14, PageID.82). If Plaintiff was a convicted inmate at the time of the alleged events, then the Eighth Amendment would apply to his claims. This will need to be developed in discovery.

[2] Defendant has answered the amended complaint. (DN 17). Therein, she indicates that she was mistakenly identified as "Rita Dalton," and answers under her correct name, Rita Owens. The Court therefore refers to her as Defendant Owens herein.

The Clerk of Court is **DIRECTED** to change the Defendant's name from "Rita Dalton" to "Rita Owens" on the docket sheet and to terminate the duplicate Defendant "Rita, Nurse at Russell County Detention Center" as a party to this action.

The Court will enter a separate Scheduling Order to govern the action.

Date:     April 17, 2026

Joseph H. McKinley Jr., Senior Judge

United States District Court

cc:       Plaintiff, *pro se*
          Counsel of record
4414.015